UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOK CUMMINGS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN,<br><br>    Defendant. | Case No. 19-cv-05254-DMR<br><br>**ORDER TO SHOW CAUSE RE: VENUE** |

Plaintiffs Brook Gordon Cummings and Novella Cummings filed this personal injury action against the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act ("FSIA"). The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Under FSIA's terrorism exception, a foreign state shall not be immune from suit in any case "in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act . . . ." 28 U.S.C. § 1605A(a)(1). Further, 28 U.S.C. § 1605A(c) provides United States nationals and other enumerated individuals with a private right of action against "[a] foreign state that is or was a state sponsor of terrorism . . . for personal injury or death caused by acts described in [28 U.S.C. § 1605A(a)(1)] . . . ."

The FSIA has its own venue provision. It provides that a civil action under the FSIA may be brought

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
> (2) in any judicial district in which the vessel or cargo of a foreign

state is situated, if the claim is asserted under section 1605(b) of this title;

(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f).

In this action, Plaintiffs sue Iran, a foreign state. Therefore, it appears that the United States District Court for the District of Columbia is the proper venue for this action pursuant to 28 U.S.C. § 1391(f)(4). 28 U.S.C. § 1406(a) states that if a case is filed in an improper district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Therefore, by no later than November 27, 2019, Plaintiffs shall show cause why this action should not be transferred to the United States District Court for the District of Columbia.

The November 20, 2019 case management conference is VACATED and will be reset by the court if necessary following receipt of Plaintiffs' response to this Order to Show Cause.

**IT IS SO ORDERED.**

Dated: November 15, 2019



Donna M. Ryu
United States Magistrate Judge

2